UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYLVIA JAMES,

    Plaintiff,

v.

HILLIARD HAMPTON, et al.,

    Defendants.
_____/

Case No. 12-cv-10273

Paul D. Borman
United States District Judge

R. Steven Whalen
United States Magistrate Judge

## ORDER AFFIRMING AND CLARIFYING MAGISTRATE JUDGE R. STEVEN WHALEN'S DECEMBER 29, 2015 OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL (ECF NO. 78)

As relevant here, Plaintiff Sylvia James, a former state court judge, claims that Defendant the Judicial Tenure Commission ("the JTC"), elected not to file formal disciplinary complaints against Caucasian and male judges who were accused of conduct similar to that which formed the basis for the JTC's decision to file a formal complaint against Judge James, an African-American female, in violation of the Equal Protection Clause. In an effort to establish her claim of disparate treatment, Plaintiff seeks information relating to the JTC's decisions not to file formal complaints against Caucasian and male judges accused of similar judicial misconduct. The JTC refused to provide the requested information, asserting that such information is protected from disclosure by privilege under Michigan Court Rule 9.221(a) and by the deliberative process privilege. Plaintiff filed a motion to compel the information, which Magistrate Judge R. Steven Whalen granted with restrictions in his December 29, 2015 Order. (ECF No. 78, Opinion and Order.)

1

Now before the Court are Defendant JTC's Objections to Magistrate Judge Whalen's December 29, 2015 Order. (ECF No. 79.) Plaintiff has filed a Response to Defendants' Objections. (ECF No. 80.) Having reviewed the Order and the Objections pursuant to Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A), the Court concludes that Magistrate Judge Whalen's rulings were neither clearly erroneous nor contrary to law and accordingly DENIES the JTC's Objections, AFFIRMS the December 29, 2015 Order and Protective Order and ORDERS that the names of witnesses, claimants and judges be redacted from all documents produced pursuant to Magistrate Judge Whalen's December 29, 2015 Order.

## II. STANDARD OF REVIEW

28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a) both provide that a district judge must modify or set aside any portion of a magistrate judge's non-dispositive pretrial order found to be "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The United States Supreme Court and the Sixth Circuit Court of Appeals have stated that "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (explaining the clearly erroneous standard under Rule 52(a)); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992) (quoting *U.S. Gypsum Co.*). *See also United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (explaining the standard under Rule 72(a)).

This standard does not empower a reviewing court to reverse the Magistrate Judge's finding because it would have decided the matter differently. *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)). The Sixth Circuit

has noted that: "[t]he question is not whether the finding is the best or only conclusion that can be drawn from the evidence, or whether it is the one which the reviewing court would draw. Rather, the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one." *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985).

"The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard. . . . Therefore, [the reviewing court] must exercise independent judgment with respect to the magistrate judge's conclusions of law." *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich.1995) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)). "'An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Mattox v. Edelman*, No. 12-13762, 2014 WL 4829583, at *2 (E.D. Mich. Sept. 29, 2014) (quoting *Ford Motor Co. v. United States,* No. 08–12960, 2009 WL 2922875, at *1 (E.D. Mich. Sept. 9, 2009)).

### III. ANALYSIS

Magistrate Judge Whalen correctly concluded that when a claim is grounded in federal law, as it is here, federal, and not state, privileges apply. Fed. R. Evid. 501. While Fed. R. Evid. 501 "'provide[s] the courts with greater flexibility in developing rules of privilege on a case by case basis,'" the Supreme Court has noted that "'[e]videntiary privileges in litigation are not favored.'" *In re Zuniga*, 714 F.2d 632, 637 (6th Cir. 1983) (quoting *United States v. Gillock*, 445 U.S. 360, 368 (1980) and *Herbert v. Lando*, 441 U.S. 153, 176 (1979)) (alteration in original). "'[W]hatever their origins, these exceptions to the demand for every man's evidence are not lightly created nor expansively construed for they are in derogation of the search for truth.'" *In re Zuniga*, 714 F.2d at

3

638 (alteration in original).

As Judge Avern Cohn of this District observed in *Grabow v. County of Macomb*, No. 12-10105, 2013 WL 3354505, at *5 (E.D. Mich. July 3, 2013), when a case involves a claim brought under 42 U.S.C. § 1983, expressly challenging the conduct of a state actor in a federal constitutional claim, it is "particularly inappropriate to allow the use of state evidentiary privileges" that hinder the search for truth. In this case uncovering evidence of disparate treatment, an essential element of Plaintiff's equal protection claim, is inherently dependent on evidence that other similarly situated male and Caucasian judges were treated differently, *i.e.* had complaints filed against them for similar conduct but were not subject to the formal complaint process. Allowing the JTC to assert the privilege to conceal that information here would pose an effective bar to Plaintiff's ability to substantiate her equal protection claim (which the Sixth Circuit has held has been plausibly alleged in this case).

Additionally, Magistrate Judge Whalen has protected against disclosure of any "deliberative" or "evaluative" materials contained in the JTC investigative files, limiting Plaintiff's entitlement to disclosure of purely "factual information regarding each person against whom the JTC declined to file a formal complaint between May 2001 and May 2011, and information regarding each person against whom the JTC did file a formal complaint, such as their race, gender, nature of complaint, and date of complaint . . . ." 12/29/15 Opinion and Order 5. Plaintiff is not entitled to staff memoranda to the Commission, reports and recommendations prepared by or at the request of the Commission, minutes or other documents reflecting the deliberations or votes by the Commissioners. *Id*.

Magistrate Judge Whalen also ordered that the documents produced under the terms of his

December 29, 2015 Order are subject to a protective order prohibiting disclosure to any person or entity not involved in the prosecution or defense of this lawsuit, nor used for any purpose other than preparation, litigation, trial and appeal of this action. It is not entirely clear to this Court whether Magistrate Judge Whalen intended to include in his Order the directive that the names of witnesses, claimants and judges be completely redacted from all materials produced, but such an additional level of protection seems necessary to this Court and also seems to be agreeable to the Plaintiff. *See* ECF No. 80, Pl.'s Resp. to Defs.' Objections 13 ("Under an appropriate protective order, there is no possible scenario that the State confidentiality interests underlying Mich. Ct. R. 9.221 could not be met inasmuch as the names of witnesses, claimants and judges will never be disclosed at all, but, rather will either be submitted to the Court under seal or in reports without identifying any individuals.").

Accordingly, materials produced pursuant to Magistrate Judge Whalen's December 29, 2015 Opinion and Order, in addition to being produced under the restrictions of that Order, shall redact the names of all witnesses, claimants and judges involved in the complaints. Production of the requested documents shall not identify any individual witnesses, claimants or judges.

**IV.    CONCLUSION**

The Court concludes that Magistrate Judge Whalen's December 29, 2015 Opinion and Order was neither clearly erroneous nor contrary to law. Accordingly, the Court AFFIRMS Magistrate Judge Whalen's December 29, 2015 Opinion and Order granting in part Plaintiff's motion to compel and further ORDERS that all documents produced pursuant to that Opinion and Order fully redact the names of each witness, claimant and judge involved in the complaints.

Additionally, as Magistrate Judge Whalen has ordered, all materials produced shall be

subject to a protective order that prohibits disclosure to any person or entity not involved in the prosecution or defense of this lawsuit, nor used for any purpose other than preparation, litigation, trial, and appeal of this action.

The parties shall submit to the Court a proposed stipulated protective order for entry by the Court that incorporates each of the conditions imposed by Magistrate Judge Whalen's December 9, 2015 Order, as supplemented by this Order.

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: March 28, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 28, 2016.

s/Deborah Tofil
Case Manager