UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYLVIA JAMES,

    Plaintiff,                                    Case No. 12-cv-10273

                                                         Paul D. Borman
v.                                                       United States District Judge

                                                         R. Steven Whalen
DEBORAH GREEN, et al.,                      United States Magistrate
                                                         Judge

    Defendants.
_____/

ORDER (1) CANCELING HEARING SCHEDULED FOR FEBRUARY 1, 2016;
AND (2) DENYING WITHOUT PREJUDICE DEFENDANT PAMELA ANDERSON'S
MOTION FOR SUMMARY JUDGMENT AS PREMATURE (ECF NO. 92)

On May 12, 2016, the Court held a Status Conference regarding certain discovery issues that were then the subject of a motion filed by Plaintiff on April 11, 2016, asking this Court to reconsider its Order affirming Magistrate Judge Whalen's December 29, 2015 Opinion and Order Granting in Part Plaintiff's Motion to Compel. At the May 12, 2016 Status Conference, the parties ultimately placed on the record a stipulated agreement that resolved Plaintiff's motion for reconsideration. ECF No. 90, Order Resolving Plaintiff's Motion for Reconsideration; ECF No. 94, Transcript of May 12, 2016 Status Conference 21-23. The stipulation involved the Defendant Judicial Tenure Commission's ("JTC") agreement to redact and produce certain documents Plaintiff had requested that contained identifying judicial officer information that the JTC desired to protect. *Id.* Per the parties' stipulated agreement, Magistrate Judge Whalen was to review the redacted identifying information and prepare a list of the race and gender of each judicial officer against whom a request

1

for investigation had been made. ECF No. 94, 5/12/16 Tr. 21-23. Magistrate Judge Whalen has informed this Court that this process is underway but not yet complete.

The parties also acknowledged on the record at the May 12, 2015 Status Conference that many of the dates on the Court's October 9, 2015 Scheduling Order (ECF No. 71, 10/9/15 Civil Case Management Order), that was then currently in effect, contained dates that were no longer realistic in view of the stipulated agreement regarding the JTC document review:

> Mr. Bursch: The only other thing that we would add, because the case management order is now already to a point where we're missing milestone deadlines such as witness lists, we would propose that within seven days of the document production to Plaintiffs the parties would jointly submit a revised case management and scheduling order for your approval.
>
> The Court: That sounds good.

ECF No. 94, 5/12/16 Tr. 23.

On September 15, 2016, Defendant Anderson filed a motion for summary judgment, which she claims was timely under the original (but no longer operative) scheduling order deadline of September 30, 2015, set forth in the May 12, 2016 Scheduling Order. Plaintiff responds that Defendant Anderson's motion is premature, citing the parties' agreement at the May 12, 2016 Status Conference to amend the Scheduling Order deadlines and asserting that Plaintiff will be prejudiced if forced to respond to Defendant Anderson's motion before having the opportunity to complete discovery. Specifically, Plaintiff states that she has withheld noticing the depositions of several key figures pending receipt of the documents and information currently under review by Magistrate Judge Whalen. According to Plaintiff, those depositions will include testimony that will be relevant both to the Plaintiff's Fourth Amendment claim against Defendant Anderson as well as her Equal Protection Claim against the State Defendants. In the interests of efficiency, Plaintiff plans to

depose those witnesses only once and therefore awaits receipt of the JTC documents and Judge Whalen's list.

The Court agrees that Defendant Anderson's motion is premature and rejects Defendant's characterization of its motion as "timely." (ECF No. 96, Def.'s Reply 2.) The Court's original October 9, 2015 Scheduling Order was nullified by the parties' agreement, placed on the record at the May 12, 2016 Status Conference, to propose new scheduling order deadlines after production of the JTC documents. ECF No. 94, 5/12/16 Tr. 23. Judge Whalen has not completed his review and the parties have yet to propose, and the Court has not yet entered, a revised Scheduling Order establishing new discovery and dispositive motion deadlines. The Court does not permit motions for summary judgment to be filed before the close of discovery absent extraordinary circumstances not present here.

Accordingly, the Court CANCELS the hearing on Defendant Anderson's motion for summary judgment scheduled for Wednesday, February 1, 2017 and DENIES WITHOUT PREJUDICE Defendant Anderson's Motion for Summary Judgment (ECF No. 92) as premature. Following Magistrate Judge Whalen's completion of the document review, the Court will schedule a status conference to discuss and establish new scheduling order dates.

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: January 24, 2017

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 24, 2017.

                                        s/Deborah Tofil
                                        Case Manager