UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYLVIA JAMES,

      Plaintiff,                        No. 12-10273

v.                                  District Judge Paul D. Borman
                                       Magistrate Judge R. Steven Whalen

HILLIARD HAMPTON, ET AL.,

      Defendants.

**OPINION AND ORDER**

Before the Court is Plaintiff Sylvia James' Motion to Compel Discovery and for Sanctions as to Defendant Judicial Tenure Commission ("JTC") [Doc. #112].

Plaintiff Sylvia James is a former Michigan state court judge who was removed from office by the Michigan Supreme Court in 2012 following an investigation and recommendation by the Michigan Judicial Tenure Commission ("JTC"). She filed the present action against the JTC and other Defendants under 42 U.S.C. § 1983, alleging violation of her rights under the Equal Protection Clause of the Fourteenth Amendment. Ms. James is an African-American female. The gist of her claim is that the JTC chose not to recommend discipline of Caucasian judges who were alleged to have engaged in similar judicial misconduct.

There has been a more or less continuous discovery dispute involving Plaintiff's requests to obtain JTC files and information involving other judges against whom formal complaints were made, including judges against whom the JTC decided not to file a formal complaint. At a status conference held on May 12, 2016, it was agreed that the JTC would produce redacted files to Plaintiff, and provide to the undersigned Magistrate Judge a list of formal complaints filed in the last ten years that are coded 5, 7, 13, and 14. I would then review the list and identify the sex and race of each judge, after which I would provide to the parties a list that would show the case number, the gender, and the race of each judge, but not the name of the judge. *See Transcript of Status Conference* [Doc. #94], at 22-23, Pg. ID 2302-2304. On February 1, 2017, I provided counsel for both parties a list of 69 cases.

Plaintiff ascertained that it had not received redacted versions of some of the files on my list, as well as other JTC files that had been omitted, apparently inadvertently. In addition, while almost all of the files that were produced consisted of approximately five pages each, consisting of the request for investigation and the JTC's response to the judge outlining the grievance, Plaintiff received five JTC files that were much more voluminous information, including meeting minutes, voting records, and correspondence of Paul Fisher (the former Director) and the judges against whom the grievances were filed. The JTC asserted that these five files were produced inadvertently, and sought a clawback of the documents, claiming privilege.

Plaintiff seeks information from the JTC files beyond the five pages of documents that have been provided. The JTC asserts that portions of the file are protected by the deliberative process privilege. In a previous Opinion and Order [Doc. #78], I noted that Plaintiff was seeking purely factual material from the JTC, but held that under the deliberative process privilege, "Plaintiff is not entitled to 'staff memoranda to the Commission, reports and recommendations prepared by or at the request of the Commission, and minutes or other documents reflecting the deliberations and votes of Commissioners.'" (Quoting *Lawrence v. VanAken*, 2004 WL 228989, *7 (W.D. Mich. 2004)). In this motion, Plaintiff concedes that she is not entitled to documents that fall within the deliberative process privilege. I reiterate, however, that the privilege does not extend to objective facts contained in the files. *See Lewis v. City of Detroit,* 234 F.R.D. 157, 160 (E.D.Mich. 2006)(the privilege does not extend to the facts); *Kaiser v. Aluminum & Chemical Corp. v. United States,* 141 Ct.Cl. 38, 157 F.Supp. 939, 946 (1958)(same).

In addition, Plaintiff is not entitled to discovery of correspondence or other communication between the JTC and the target judges concerning settlement discussions. In *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc*., 332 F.3d 976, 981 (6th Cir. 2003), the Sixth Circuit recognized a "settlement privilege." ("The public policy favoring secret negotiations, combined with the inherent questionability of the truthfulness of any statements made therein, leads us to conclude that a settlement privilege should exist, and

that the district court did not abuse its discretion in refusing to allow discovery.").

Finally, the JTC asserts work product privilege as to portions of its files. The JTC agrees to provide a privilege log as to that category of documents, but states that because it cannot share the contents of its investigative file with Mr. Fisher, its former Director, Mr. Fisher cannot provide a privilege log as to documents otherwise protected by the deliberative process privilege.[1] The JTC, however, can certainly do so.

Therefore, Plaintiff's motion to compel [Doc. #112] is GRANTED to the extent that the JTC will produce the requested files, if any, that have not yet been produced. Material to which deliberative process privilege, work product privilege, or settlement privilege is claimed may be redacted.[2] The JTC will also produce a privilege log as to any material to which it claims privilege.[3]

Plaintiff's request for sanctions is DENIED.

All documents produced under this Order are subject to a protective order whereby they will not be disclosed to any person or entity not involved in the prosecution or defense of this lawsuit, nor used for any purpose other than preparation, litigation, trial,

---

[1] The JTC so asserted in the Joint Statement of Unresolved Issues, that was submitted to me but not filed on the docket. The only unresolved issues relate to the request for production of the JTC files.

[2] As reflected in this Court's previous orders, the names of the judges will also be redacted.

[3] The Plaintiff's request for the names of JTC staff attorneys who worked on files that resulted in consent proceedings has been resolved, with the JTC agreeing to produce that information.

and appeal of this action. At the conclusion of this litigation, the documents will be returned to the JTC.

IT IS SO ORDERED.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: April 18, 2018

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on April 18, 2018, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen